IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

DETRIA S. CARTER,

    Petitioner,

v.                                               Case No. 1:21-cv-00112

WARDEN, FPC ALDERSON,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted in this United States District Court of one count of possession with intent to distribute 500 grams or more of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). On July 2, 2018, Petitioner was sentenced to 151 months of imprisonment, followed by a five-year term of supervised release. *See* Judgment in a Criminal Case, *United States v. Carter*, No. 5:17-cr-00113-2, ECF No. 549 (S.D.W. Va., July 9. 2018). Petitioner's written plea agreement contained appellate and collateral attack waivers and, on June 6, 2019, her appeal to the United States Court of Appeals for the Fourth Circuit was dismissed pursuant to the appellate waiver. *Id.*, ECF No. 651.

On February 16, 2021, while incarcerated at the Federal Prison Camp at Alderson, West Virginia ("FPC Alderson") Petitioner filed the instant petition seeking release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  (ECF No. 1).  Her petition further states "[c]urrent incarceration type could result in a life sentence for Petitioner.  Petitioner request[s] that the court grant 'any' alternative relief based upon the current global pandemic and Petitioner being @ severe risk."  (*Id.* at 7).

## **ANALYSIS**

This Court does not have authority to order that Petitioner be placed on home confinement.  *See* 18 U.S.C. § 3621(b).  Pursuant to 18 U.S.C. § 3621, only the BOP has authority to designate a prisoner's place of imprisonment.  *See also Trowell v. Beeler*, 135 F. App'x 590, 595 (4th Cir. 2005) (finding that "BOP must exercise its own independent judgment" under Section 3621(b)).  While the CARES Act expanded the BOP's authority to transfer a prisoner to home confinement, it did not grant federal courts authority to makes decisions concerning a prisoner's placement or location of serving their sentence.  *See Tillman v. Rickard,* No. 1:18-cv-01244, 2020 WL 2114571, *1 (S.D.W. Va. May 4, 2020) (J. Faber) ("The CARES Act . . . vests greater discretionary authority to the Director of the Bureau of Prisons to lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement."); *Hardin v. Acting Warden F.C.I. Edgefield,* No. 9:20-cv-001420-SAL-BM, 2020 WL 3259761, *4 (D.S.C. May 6, 2020) ("[A]lthough the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, this court lacks jurisdiction to order home detention for Petitioner under this provision."); *United States v. McCann*,

No. 5:13-cr-00052, 2020 WL 1901089, *3 (E.D. Ky. Apr. 17, 2020) (finding that "the Court has no authority under [the CARES Act] to order that a prisoner be placed on home confinement"); *United States v. Read-Forbes*, No. 12-cr-20099-01-KHV, 2020 WL 1888856, *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Engleson*, No. 13-cr-340-3 (RJS), 2020 WL 1821797, * 1 (S.D.N.Y. Apr. 10, 2020) (the "ultimate decision of whether to release an inmate to home confinement rests with the BOP"); s*ee also McCarson v. Reherman*, No. 2:20-01386-HMH-MGB, 2020 WL 2110770, * 2 (D.S.C. May 4, 2020)( "The decision of whether to release an inmate to discretionary home confinement rest solely with the Bureau of Prisons."). Thus, the undersigned proposes that the presiding District Judge **FIND** that this Court lacks authority to grant Petitioner's release to home confinement and, therefore, Petitioner is entitled to no relief on her § 2241 petition filed herein.

## RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and dismiss this matter from the docket of the Court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under

3

Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at **FCI Danbury, where she is now incarcerated.**

October 31, 2023

Dwane L. Tinsley
United States Magistrate Judge